We have three cases on the calendar this morning, a patent case from the district court, a Veterans Appeals case, a patent case from the Patent and Trademark Office. The latter two are being submitted on the briefs and will not be argued. So we have one argued case, and that is Jack Unickel, 2013-14-61. And Mr. Unickel? May it please the Court. Good morning, Your Honors. The trial court below committed two principal errors in this case. First, though the trial court recognized that Dr. Krauser What about jurisdictions? Yes, sir. I mean, we'd still have to address that, right? Yes, Your Honor. What's your position on jurisdictions? As Your Honor knows, this case was originally noticed for appeal in the 11th Circuit. The 11th Circuit concluded that based on the well-pleaded complaint that was the basis for removal, there was a claim in that well-pleaded complaint for correction of inventorship. And the jurisdictional section, which was used to invoke the federal court's jurisdiction, was Section 1338, which gives the court jurisdiction. As a result, under this court's jurisdictional statute, 28 U.S.C. 1295, a case that came to the federal courts under the jurisdiction of Section 1338 is properly before this court. Well, I mean, the trouble is we have cases that talk about abandonment of patent claims and how that removes the federal jurisdiction that otherwise would exist. And that seems to be what happened here, is that you abandoned the patent claim, right? Your Honor, we did not abandon it, but it was removed from this case. You withdrew the issue from the case. Correct, Your Honor. Could you have your appendix there? Could you look at page A-273, please? This is your second amended complaint. Yes, Your Honor. And you're looking at page A-273. Okay, you see paragraph G in the request for relief? Yes. That was a request that you declared the owner of, quote, their patents, right? The subject matter of the patents, Your Honor. Do you withdrew that claim? Yes or no? Did you withdraw that claim? Yes, we withdrew that claim. Okay. Paragraph I, where you were arguing that your client was the inventor of his own system. Correct? That's what paragraph I is about? Correct. That is just for the ownership of the system. And his theory is that at the time of the settlement agreement on October 96, he licensed his system to the debtors. Correct. And he's trying to get in this action a declaratory judgment that he had an ownership interest in what it was he licensed. Correct. And that's what paragraph I is asking for the relief on, is it not? Yes, it is, Your Honor. Now, did you withdraw the claim in I? No, Your Honor. How do we know you didn't? Because at the district court level, the entirety of the summary judgment, for example, and all the proceedings that came before the summary judgment were directed towards claim I. If you didn't withdraw I, then is it true that under our case law, I'm thinking about the Colorado Foundation against American Sinem had won, didn't we establish that in order to adjudicate that claim, you would have to use federal patent law? Your Honor, I don't believe so. In that particular case, state law was used to adjudicate an inventorship claim by the trial court initially, and on appeal we reversed that and said that as a matter of federal preemption, the only way you can establish inventorship was through federal law. Agreed, Your Honor. However, we are not seeking in this case a declaration of inventorship that relates to the patents. I understand that. You're asking for inventorship that relates to the system. Not even inventorship, Your Honor. What we're saying is that the parties had an agreement where between them they agreed that Dr. Krauser was the owner of the system. That ownership was akin to a security interest in the royalty stream that they had agreed to provide. There were patents that were issued. Do we need federal law to decide that question? Honestly, Your Honor, no. Then what's the basis for jurisdiction here? Well, we believed that the case was properly before the 11th Circuit, which is why we noticed the appeal case. No, no, no. What's the basis for jurisdiction here? As I understand it... When the 11th Circuit sends it up here, we have a duty to find out if they were correct. And the test is whether or not there was a plausible reason for them to have thought there was a patent law issue. And what Judge Dyke was asking was, in the light of the withdrawal of the federal patent law inventorship claim, what federal patent law issue remains? We believe none, Your Honor. You'd like us to see it transferred back to the 11th Circuit? Well, to be honest with you, Your Honor, we would like to see the court be decided at some point rather than being the ping-pong ball that goes back and forth. But we understand the court has an obligation to establish jurisdiction. We believe that the 11th Circuit had concluded that because of the inventorship claim that originally had appeared in the removed complaint that there was in fact appropriate jurisdiction for this court. However, I have to agree that at this point in the case we would say that there is no issue of federal law or patent law. But the issue was plausibility, right? Correct, Your Honor. And certainly at the time the case was brought and while it was proceeding through the district court, there was an inventorship claim that was part of the case. Eventually, for simplifying the case and making it clear for the district court, the inventorship claim ended up being withdrawn without prejudice and there is in fact a separate district court case. But what's the difference between ownership and inventorship with regard to Dr. Krauser's interest in his own system at the time that he entered into the settlement agreement? When I asked you whether or not a court would have to decide whether he'd invented his system, you said, oh, no, no, just he's the owner of the system. Now, is there anything in the record that showed that he purchased the system from someone else? Well, the history... Yes or no? That he purchased the system from someone else. How did he become the owner? The history of the parties is that he came up with the idea for the system... Okay, that's conception. Correct, but inventorship is... You even used those words in your brief below. You said he conceived of the invention. Correct, Your Honor. Inventorship, however, is something that relates to ownership of the patent or being named on the patent as an inventor. Why can't I be the inventor of something that isn't patented? Under the dictionary, aren't I still an inventor? You certainly can, Your Honor. I guess I want to be careful that because it is a legally significant word that I'm clear... Are you saying that inventorship as a federal question depends upon a patent? Yes, to the extent that inventorship in a patent in particular is being adjudicated, there are patent law sections that deal with that. Section 256, for example, would deal with correction of inventorship. Otherwise, you're dealing with trade secrets, proprietary information dealt with by a contract. Correct, and here it's purely a contract. So, in answer to your Honor's question, for example... I'm looking for a jurisdictional route. What I'm wondering is if in the exploration and deciding whether your client, quote, owned the patent, can I place any reliance on your averment to the district court that your client conceived of the invention? Those are your exact words. Conception is a federal concept. Yes, Your Honor, except that the issue that we have with the district court's decision is that rather than evaluating this as a contract case, which it is, based on the agreement of the parties as to who is the respective owner of the system, the court... The contract doesn't deal with that. The contract elides that issue by saying it will be resolved later on in case the parties fall out. Well, that's one provision. The remedy provision does talk about what happens in case one party defaults, what can you do in court. What clause in the contract points to ownership other than the fact that there's a license? Well, paragraph number... Other than the fact. Paragraph number one, which sets forth that there were proof of claims that were filed in the bankruptcy action, declares that among the proof of claims there was not only one for monetary damages for unpaid royalties, but also for a claim of ownership of the system. As part of paragraph one, it says that in order to move this case through bankruptcy they agree that that claim is liquidated and undisputed. So, in paragraph one, it begins by establishing that the claim of ownership is going to be undisputed going forward. Paragraph two then says that Dr. Krauser will then conditionally license that system back to BioHorizon so that they can make and sell implants. Yeah, but I guess I have some problem in seeing the system as property under Benito Boats and other cases about preemption. I wonder, though, if there are other claims involved here. First of all, one for unpaid royalties and second for restitution because of the benefit that Krauser allegedly supplied to the defendants. Are those part of this case? Is that kind of monetary recovery part of this case? In fairness, Your Honor, I do not believe that those are claims that were asserted in the trial court below. Is there a statute of limitations issue? There is a statute of limitations issue. I thought you agreed below that some of those claims were barred. That's correct, Your Honor. Barred by the one-year thing for specific performance? To be honest with you, Your Honor, as I have not seen the record on the statute of limitations issue, I'm not sure why the determination was made, but I know that the monetary claims were not pursued at the trial court level. So those are not at issue for the court to consider on this appeal. What's before us is a request for a declaration of rights. Correct. Correct. Ownership rights. You can't very well get a declaration of rights unless there's some right underneath which still exists. If the monetary claims are out of this case, then you have to depend on the notion that the intellectual property here is a kind of property which somehow would have to be returned to Krauser by the defendants. That seems to me to be difficult. Your Honor, the system here is actually, there is tangible property that represents the system. It's the products, the product designs, the drawings, the tooling. These are all the things on which BioHorizons committed to pay royalties to Dr. Krauser. Those are definable products. A mixture between that and the patent. Correct. At the time that the settlement agreement was entered into, Dr. Krauser owned a patent. He did at that time own a patent. He was licensing both the patent and the system, whatever that was. Correct. Obviously, as your Honors know, a patent only really gives you the legal right to exclude somebody else from making, using, selling, or offering for sale. The system itself with all the ideas, manufacturing, designs, drawings, tooling, etc., that is the underlying system. You're saying that the system has physical properties, a part of it, which he is seeking to return. Absolutely. How does he acquire ownership of the physical property by contributing to the system? Is that the idea? The origin of the contract that acknowledged his rights was because he had helped them develop the system. The 1991 agreement. Yes. It started in 1991 and then there was a more than 15 year period where he continued to work for or to contribute his ideas to BioHorizons. In fact, in the May 1996 agreement that the parties had originally struck before it was not entered by the bankruptcy court, there is a paragraph, paragraph 18, that specifically acknowledges from BioLock Minimatic that the system would not have been possible without Dr. Krauser's contributions. Unlikely. He doesn't say it was impossible. It was unlikely that the product line would have been developed. I apologize, Your Honor. I used an aggressive word. And that representation and warranty, if that's what we call it, survived the bankruptcy pursuant to that contract. Correct. So, yes, Your Honor, there is a component that is agreed to between the parties that has a physical dimension to it. What exactly is included in the system was an issue that was before the district court, but the district court did not ever rule on that because it made the preliminary ruling that there could be no ownership by Dr. Krauser. Though the district court did that by assuming that the claim was based on ownership of ideas rather than contract provisions. Am I correct in thinking that all your client wants out of this suit at this time is under the Florida declaratory judgment statute a declaration that it had some interest, some legally cognizable interest, maybe it's ownership, maybe it's co-ownership, maybe it had some legally cognizable interest in the system going into the license. Correct. And that there has been a default of some sort under the license and therefore the license is terminated. Yes, Your Honor. Which would mean that whatever it was that you were declared, your client was declared to have, quote, owned going in, he still owns. Correct. And that's all you want. Correct. And then it's up to the parties to determine the way forward. From your perspective, there's no Bonito Boats problem here at all yet. There may well be a Bonito Boats problem once you try to enforce whatever rights you were declared to have had. Certainly I agree there's no Bonito Boats problem here. But there might be if you're trying to go after a royalty, for example, you're seeking a patent law remedy, you'll be preempted. Right. And I suppose it is possible that on the way forward there could be a Bonito Boats problem that's implicated. But as of right now, the declaration of ownership under the contract does not implicate Bonito Boats.  your time has just about expired. We'll give you three minutes back for a bottle. Thank you very much, Your Honor. Let's hear from Mr. Sipes. Your Honor, my name is Christopher Sipes and I'm here on behalf of the defendants' appellees. And you're the ones that want to be here as opposed to the 11th Circuit? We are the ones who want to be here, yes, Your Honor. And what's   issue for purposes of our jurisdiction that keeps the case here? Your Honor, it's two things. First, the claims for the Bonito Boats case and the claims for relief are defined actually in his complaint and he's seeking a declaration that he owns Sure. At the time of the complaint there was a federal patent law issue. There's no question about that. But you seem to be unaware at least from what I can see of our cases which say that once you abandon federal patent law rights Chamberlain, for example, that there's no longer federal jurisdiction. Your Honor, I believe the difference here is the assertion below, the claims pressed below all the way through summary judgment were two things. One was a claim of ownership of our dental implant system, the regulatory licenses, the 510Ks, the drawings and whatnot based on a conception theory which we believe among other things presents how to move forward with it. That's no longer in the case, right? No, that claim was in the case. He's not seeking to correct inventorship on the patents but he was asserting ownership of our dental implants based on a conception theory. I asked earlier did you have a copy of the appendix with you? I do, Your Honor. When I was asking about page 8273 maybe you looked at it? I did, Your Honor. And paragraph I in the complaint, is that one of the ones that he went through? He did not go through, Your Honor. He is still seeking a declaration that he is an owner of the Bio Horizons tapered internal. That's the only dental implant system. But why is that a federal issue if the patent is no longer involved? Because he is asserting ownership based on the idea that he contributed ideas and conceived of design elements in that. That still is not a federal issue absent a patent issue. We believe it is, Your Honor, or at least that there is a plausible claim that it is based on the fact that determination of conception of inventorship involves  the patent system and the dental implant system, there is also his claim to own the subject matter of the patents. Now, here at appeal, they have half abandoned that claim. Below, he claimed to own the patents based on the same conception theory. He wasn't certain to own the patents based on conception. It seems to me that your strongest argument for staying in this case is not ownership conception but plausibility under Christensen v. Coates. That is correct, Your Honor. We rely on Christensen and Christensen said both plausibility and caution courts to be loath to revisit such decisions in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice. But as Judge Dike points out or implies, there isn't plausibility anymore if the patent claim is gone. And, Your Honor, I believe based on Judge Dike's claim, he continues to assert a claim in the subject matter of the patents which essentially works into a patent license. So he's claiming that he contributed ideas to our patents that would entitle him to a patent license. Your Honor, we believe plausibly that presents an issue of federal patent law in contribution of ideas give you a patent license under the patents. Aren't you then arguing against yourself on the merits? No, Your Honor, because we don't believe  have any merit. They are asserted and in asserting them, they raise federal patent law questions but they are federal patent law questions which are meritless. What happens to the claims for unpaid royalties under the 1996 agreement and potential restitution claims? Why are those barred by the statute of limitations? What's the statute of limitations? Your Honor, they were never asserted, never in this case as Dr. Krauser asked for any unpaid monies and there's a reason for that. So there's no statute of limitations issue with respect to that? Well, the term ended at the end of 1996 so the monies owed under the contract ended in 2006, ten years after the start. He was fully paid, Your Honor. Where was this suit filed? This suit was filed I believe in 2010, Your Honor. So what is there, six years statute of limitations? I believe, Your Honor, it's five years for money damages and one year for specific performance. So it's not barred by the statute of limitations? Somewhere in the record there's a concession that the five-year statute of limitations bars the money claims. I can't, you should know it. You guys are litigators, not me. But it's in there. And what's clear is even after full discovery of this case he's never identified any specific amount of money. Where does the record tell us that the monetary claims are barred by the statute of limitations? Your Honor, I don't know where it says that they're barred by the statute of limitations. What is clear is that he's never asserted the claims for money damages. The record below talks about the specific performance of statute of  which was one year. But he's never asserted claims for money damages in this case. Can someone have a common law interest in something? We believe that the state has a common law interest in the wreaths here. It wouldn't be styled as an ownership interest, Your Honor, if there were trade secrets, misappropriation of trade secrets or unjust enrichment might apply. There's never been a claim for trade secrets here. I understand that, but you mean to say that I have an idea that I don't claim as a trade secret and you can come and steal it? Well, there might be a claim for breaking into the house, but a claim for public ideas, I do not believe you can claim that somebody stole public ideas. Now, there is an unjust enrichment claim, for example, a first start. If you share ideas with somebody under a contract that entitles you to some remedies and they take your idea and they get ahead of others, that's the ultra-precision case. Talked about that, for example, Your Honor. But what it talked about was a situation in which there was no contract. It emphasized the absence of a contract. Here, what he is claiming, as I understand it, is he provided this information that was utilized by your clients pursuant to a contract. And that distinguishes that case. Your Honor, it distinguishes it in the wrong way for Dr. Krauser, because the contract under which the ideas were shared, which is the March 1991 contract, makes clear that the influences, in particular the drawings and the regulatory clearances, the five pink A's in the drawings, are the property of the company. Well, yes, some specific things remain the property of your clients, but it seems to suggest that the rest of it is not. Well, Your Honor, it doesn't address the rest of it. It's not clear that there is any such thing. Well, that's what he's trying to establish in this case, isn't he? What he's trying to establish is that he has a property right in ideas beyond the intellectual property in which he has claimed ownership solely in his ideas below. That's what he asserted below.       side. Because he's made no such claim below. He's claimed ownership solely in his ideas below. That's what he asserted below. The license talks about a patent and talks about a dental implant system. The license itself talks about a certain type of dental implant system currently known as a cylinder implant. He was licensing two things. He was licensing his patent. We all know what that was. And he was licensing his interest in a thing called a pinhole system. That's what he asserted below. He was shortening the whole point. Whether he owns the dental implant system currently being manufactured by debtors. The license is to any and all rights he may have. So to some degree this court is confronted with that question. Does he have any ownership rights in the dental implant system that was being manufactured at that time? It puts us back into 1996. There's a fact dispute as to what currently manufacturing means. I don't believe it's a fact dispute. Leave it aside. What was it? Why isn't he entitled to a declaratory judgment about whether, if anything, if he owned anything going into the contract with regards to the system? Well, what he's entitled to is a determination by the court as to whether he has ownership rights in the dental implant system he's seeking, which is the bioicense tapered internal implant. And he has provided no legally cognizable basis for any such ownership rights. Because the only assertion he's made there is that he contributed ideas and contributions. You don't retain property in ideas. Sounds like a state law issue to me. Well, Your Honor, I think... Not a plausible federal jurisdiction issue. It is plausibly considered a federal patent law question whether you can own ideas. But the answer has been given by the courts. The question can't give federal jurisdiction. If the claim arises under state law, the fact that there's a preemption defense doesn't create federal jurisdiction. I suppose the question becomes whether one can make a plausible federal patent issue out of an issue which is so clearly contrary to federal patent law. He was claiming that by contributing ideas, he has what he now says is a license to our patents and ownership of our dental implant system. We believe that presents a federal patent law question, but one that has been answered in the negative. No, you cannot own such things. You do not retain an interest in those things through just a naked contribution of unpatented public ideas. But haven't we said that you can't use state law to decide whether you had that right? Only federal law can be used to decide whether you had this so-called ownership interest. That's correct. So it raises a federal patent law question, but it's one in which having not patented, he has no ownership interest. There is no state law conception. So if he's asserting through contributing ideas, he has a license to our patents and ownership of our system. There is some potential for state law remedies in this area. We haven't drawn a bright line as to when it's permissible and when it's not permissible. So it's hard to see how that claims a federal claim. Your Honor, this Court has drawn a line as to whether or not it is too patent-like. And what they are seeking here, and they seek it starting in the brief, for example, is excluding us from making, using, or selling the dental implant system. That's a patent-like remedy. This Court has said that's impermissible. And so we do believe that the Court... Why don't you just help me out a little bit? Maybe assume that you're writing this opinion, and the first section of the opinion deals with whether or not there's a plausible federal patent law issue sufficient to secure the jurisdiction in this Court. Now, just use a couple of sentences to tell me exactly what that plausible federal patent law question is. And I believe, Your Honor, that the standard here is not that the federal patent law question be plausibly answered for plaintiff, but rather be plausibly thought a federal patent law question. So raising a meritless federal patent law question can give this Court jurisdiction. And the, quote, meritless federal patent law question we believe that is presented here is, if he contributes ideas, which he alleges, we dispute, if he contributes ideas to the design of a dental implant system, does he, without patenting it, without preserving it as a trade secret, can he retain an ownership interest in those ideas that would give him an ownership interest in devices and body in it? The federal preemption issue gives us jurisdiction. We've held that it doesn't. That's not a... The idea that state law may be preempted doesn't create patent law jurisdiction. But he's also seeking ownership... Or he was below seeking ownership patents, which he's converted on appeal to a license And certainly contribution of ideas to give ownership in a patent without correction of inventorship would be a federal patent law question. It's a meritless one. We don't believe you can own patents by claiming to have contributed ideas to them. Certainly not without correcting inventorship, which is not this case. But we believe it is plausibly thought, the 11th Circuit plausibly thought that the claims that he had styled them below... You're saying that we can give credit to the 8th Circuit's decision that there was a federal patent law issue here because in the well-pleaded complaint there was an inventorship claim. I don't believe so. He was... I've read the briefs. Sir, I've read the briefs that were presented to the 11th Circuit on the transfer issue. And the argument for sending it here was that there was an inventorship claim that was pled. That's what you told us when you got up here in the beginning. But, Your Honor, he continued... He abandoned correction of inventorship. Do you agree that the fact that he pled the inventorship claim and then withdrew it is not a basis for federal jurisdiction? Your Honor, I agree that having withdrawn the challenge to correction of inventorship, the correction of inventorship would not give rise to this Court's jurisdiction. But he continued to assert principles of inventorship to obtain ownership of patents without correcting inventorship. Those claims were presented to the Court all the way through summary judgment. And those claims, which we believe are meritless under federal patent law, nonetheless present a question, plausibly are thought to present a question to federal patent law. Do you have a final thought, Mr. Sykes? No, Your Honor. I'd simply point out that what this Court's been called on to do is to determine whether he's an ownership basis. Below, his counsel was quite clear that the contract, the October 1996 contract, did not give any such ownership right. The district court specifically asked that question. And Dr. Krause's counsel said no. He's not arguing here that the contract created the rights. I heard him argue now that... He's saying it's a contract-based claim. He's not saying a contract-created claim. He's now asserted in this Court that Section 1, which refers to an unliquidated, undisputed claim being paid off, would give him ownership. Your Honor, that was not argued below. It was abandoned below. He's not saying that's evidence. But what is in front of us, he's saying it's a contract-based claim. Because he says what the settlement agreement contract does is provides evidence to show that he was an owner.  Your Honor, what the contract did was by piece through a quick claim license. And it recognizes no actual ownership rights. Why does that mean there's no ownership? What it means is that the agreement itself is not recognizing ownership. What it's recognizing is that Dr. Krause is asserting he has ownership. And it's putting resolution of that off. And we're saying if we have a divorce, we'll go into court and decide who owned the asset. Correct, Your Honor. It's like a fight over husband and wife between who owned the diamond ring. And they say, well, we get married, we're not going to decide who owned the diamond ring. But if we get divorced, you can go to court and decide. The disputed implant there was the 1996 implant system, which Dr. Krause is not seeking in this case. Thank you, Mr. Sipes. Mr. Unikow has three minutes to rebut if he needs it. Thank you, Your Honors. A few very brief points. First, on the question of jurisdiction and whether this is a state law claim, I guess I would ask the court to remember a few points. Number one, Dr. Krause originally brought this as a state law claim. BioHorizons sought to remove it on the basis of federal patent jurisdiction, which they did. Dr. Krause filed this in the 11th Circuit because he properly viewed this as a contract law claim. The 11th Circuit on the motion of BioHorizons transferred this. Dr. Krause is anxiously looking for a decision to be made. Obviously, the court can only do that if it has jurisdiction. However, Dr. Krause has incurred a great deal of costs and time delay in pursuing his claim because they consistently assert patent law plausible jurisdiction, whereas we do believe that this is a state law claim. We hope that the court will invoke its powers to hear the case so that Dr. Krause can finally get a resolution. And at the very least, that Dr. Krause does not have to incur these costs. On a separate note, I want to clarify a point that I did include an error on in my initial presentation. The reason money claims were never made was not because of a statute of limitations issue, but was because there was an election made by Dr. Krause under paragraph 8 of the 1996 agreement, which allowed him to either sue for money damages and or a declaration. And an election was made to sue for the declaration of ownership. But there was not, in fact, a statute of limitations issue. What page of the record is that at? Of the record for which you're aware. The provision that you just mentioned. The election. The election, yes. That's in the 1996 agreement. Let me find the exact page of the appendix. 819. Yes, thank you very much, Your Honor. I appreciate the assistance. It says it has the election institute sued against the debtors for money damages and or a declaration of rights. Right. So he elected for the or and chose to go for the declaration of rights. I don't understand. Why can't a declaration of rights lead to money damages? I suppose it could, Your Honor, going forward, if he is declared to be the owner of the system. Certainly, for example, if after the declaration. What I'm suggesting to you is that a declaration could say that he transferred something to the defendant. And quite apart from the question of ownership, he could be saying, well, you know, I transferred something of value to them. And I want restitution as a result of that. Because they breached the contract. Restitution is an alternative remedy for breach of contract. And my declaration is directed toward that. It doesn't necessarily have to be a declaration about ownership of some intangible asset. It could be a declaration that leads to restitution. Correct, Your Honor. Though that issue, a restitutional or unjust enrichment or unauthorized use leading to money damages, would be one step removed from the declaration of ownership. The declaration would be a foundation for such a claim. Correct, Your Honor. The money damages referred to in paragraph 8 is really for the accounting of unpaid royalties that were due under the royalty stream that is provided for in the contract. The only other point, if I might, Your Honor, Very briefly. Yes, with my last 20 seconds, is there was a question about common law ownership of ideas. In Aronson and in the NAMI case from the Tenth Circuit, which are cited in the brief, it was found that ideas that were unpatented, were never actually granted patent, could be the subject of a valid contract of ownership between two parties who negotiate in good faith. In fact, in the NAMI case, the district court found ownership based on the payment of royalties, and found that that was sufficient evidence of ownership to invest ownership of the unpatented, unotherwise protected idea in the party who granted the license and got the royalties. Thank you, Mr. Unickel. We'll take the case under advisement. Thank you very much, Your Honors. All rise. The honor of the court is now adjourned until tomorrow morning at 10 a.m. There's nothing more to take. Thank you. Thank you. Thank you. All right. I'm sorry I didn't get those ideas. If you didn't have anything about the way you can bargain, then you didn't need that, right? I don't believe you. There's another one that came up that I don't know. Yeah. The fact is, right? Oh, okay. But we're only here. We don't just come over here. You know what? I almost know right now. Yeah. My name wasn't on there. I almost knew it. You can talk about it. I know. I know. Yeah. Like, you've got your site to get away with a condition. All the time. The only thing is, you were just compete right away. You could not have embarrassed yourself for less than, like, twelve minutes. Wait. Yeah. Well, I didn't hear a man. Constitution right? Susan accomplished. I don't mind. I don't usually accept it. You might think you were that way, but you're getting a long time. That's probably how it works. I hope you're going to understand that. I'm going to do it again. I think you're going to get it. I think that would be fine. I think that would be fine. Yeah. Yeah.